**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DANITA DAVIS,**

                              **Plaintiff,**

**-vs-**                                                  **Case No.  6:05-cv-1497-Orl-22UAM**

**SAILORMEN, INC.,**

                              **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed

herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S MOTION TO REVIEW TAXATION OF DEFENDANT'S BILL OF COSTS (Doc. No. 39)** |
| **FILED:** | **April 18, 2007** |
| | _____ |

        Plaintiff Danita Davis sought to hold Defendant Sailormen, Inc. liable for allegedly refusing

to hire her because of her disability under the Americans with Disabilities Act.  Doc. No. 1.  The

district court granted summary judgment in favor of Defendant, and ordered the Clerk to enter final

judgment providing that Defendant recover its costs arising from this action.  Doc. No. 35 at 13.

The Clerk entered judgment as directed and closed the case on March 30, 2007.  Doc. No. 36.

        On April 16, 2007, Defendant filed its proposed bill of costs, seeking a total of $3,512. 44

for costs for fees for service of summons and subpoena, expedited deposition transcripts, copy costs,

and witness fees.  Doc. No. 37-2.  The Clerk taxed costs in the amount of $3,512.44 the following

day.  Doc. No. 38.

Plaintiff filed a timely Motion to Review Taxation of Defendant's Bill of Costs (now before the Court) asking the Court to strike $2,033.12 from the bill of costs.  Doc. No. 39.  Plaintiff objects to a number of the costs taxed against her, including the costs for service of summons and subpoenas, costs for expedited deposition transcripts which Plaintiff claims were "not used in this case to obtain summary judgment," and a $75.00 mediation room fee.  *Id.* at 1-2.  Defendant has withdrawn its request for the $75.00 mediation room fee, but otherwise opposes Plaintiff's motion.

I.      **THE LAW**.

Federal Rule of Civil Procedure 54 provides that a prevailing party may recover costs as a matter of course unless otherwise directed by the Court or applicable statute.  *See* Fed. R. Civ. P. 54(d)(1).  The applicable statutes referred to in the rule include 28 U.S.C. §§ 1920[1] and 1921[2], which

---

[1]      Section 1920 provides:

 A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

[2]      Section 1921(a)(1) provides:

 The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following:

(A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding.

-2-

delineate which costs are recoverable under Rule 54(d).  The Court has the discretion to award those

costs specifically enumerated in section 1920, and may not tax as costs any items not included in that

statute.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987); *see also*

*Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460 (11th Cir.1996).  The Court can only award costs

that are "adequately described and documented."  *Scelta v. Delicatessen Support Servs., Inc.*, 203 F.

Supp. 2d 1328, 1340 (M.D. Fla. 2002).

>    **A.**      **Service of Process or Subpoenas**.

"Fees of the clerk and marshal" may be taxed as costs.  28 U.S.C. § 1920(1).  The Court

may, therefore, tax as costs fees of the United States Marshals as listed in 28 U.S.C. §1921(a),

including, among other things: 1.) fees for service of process (28 U.S.C. §1921(a)(1)(A)); 2.) fees

for serving a subpoena or summons for a witness (28 U.S.C. §1921(a)(1)(B)); 3.) fees for "necessary

travel" for service of process (28 U.S.C. §1921(a)(1)(G)); and, 4.) fees for overtime expenses

incurred while serving process (28 U.S.C. §1921(a)(1)(H)).

Section 1921 also states that the "Attorney General shall from time to time prescribe by

regulation the fees to be taxed and collected under [§1921(a)]."  28 U.S.C. §1921(b).  The Attorney

General prescribes a minimum fee of $45.00 per hour for "process served or executed personally . . .

---

(B) Serving a subpoena or summons for a witness or appraiser.
(C) Forwarding any writ, order, or process to another judicial district for service.
(D) The preparation of any notice of sale, proclamation in admiralty, or other public notice or bill of sale.
(E) The keeping of attached property . . . .
(F) Copies of writs or other papers furnished at the request of any party.
(G) Necessary travel in serving or endeavoring to serve any process, writ, or order, except in the District of Columbia, with mileage to be computed from the place where service is returnable to the place of service or endeavor.
(H) Overtime expenses incurred by deputy marshals in the course of serving or executing civil process.

for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out of pocket expenses."  28 C.F.R. § 0.114(a)(3).  An additional fee of $45.00 per hour plus costs and expenses is charged for each additional U.S. Marshals Service employee, agent, or contractor "who is needed to serve process . . ." *Id.*  While section 1920(1) only mentions fees of the United States Marshal, fees of a private process server may be taxed, so long as they do not exceed the statutory fees authorized in § 1921.  *EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000).

### B.     Costs for Transcripts.

Section 1920(2) authorizes the taxation of costs for the "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case," which includes the costs of deposition transcripts.  28 U.S.C. §1920(2); *EEOC*, 213 F.3d at 620; *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1225 (11th Cir. 2002).  Costs for depositions transcripts are taxable only if the deposition was "necessarily obtained" for use in the case.  *EEOC*, 213 F.3d at 621.  "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable."  *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).  District courts have great latitude in determining whether a deposition was "necessarily obtained" for use in the case.  *Newman v. A.E. Staley Mfg. Co.*, 648 F.2d 330, 337 (5th Cir. Unit B June 1981).

Deposition costs of witnesses on a losing party's witness list are generally considered taxable.  *Maris Distrib. Co.*, 302 F.3d at 1225.  In addition, deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition.  *EEOC*, 213 F.3d at 621.  The parties need not have used the

-4-

deposition at trial. *Id*. Depositions costs of witnesses are taxable even if the prevailing party

successfully moved to exclude from trial the testimony of those witnesses. *Id*. at 622.

## II.    APPLICATION.

### A.    Service of Subpoenas.

Plaintiff objects to costs related to the service of thirteen subpoenas – three subpoenas for

trial and nine subpoenas duces tecum.  Plaintiff contends that fees for the service of the nine

subpoenas duces tecum are not taxable because "discovery gleaned from [these subpoenas] was not

used in this case to obtain summary judgment."  Doc. No. 39 at 1.  Plaintiff also asserts (without

citation to any legal authority) that taxation for amounts over $25.00 for service of process fees is

unreasonable, and therefore asks the Court to award only $75.00 total ($25.00 for each trial

subpoena) for fees related to service of subpoenas.

Subpoenas to trial witnesses who Plaintiff could have reasonably believed were "at least

partially necessary to the litigation" may be taxed as costs.  *George v. GTE Directories Corp.*, 114 F.

Supp.2d 1281, 1299 (M.D. Fla. 2000) (citing *EEOC*, 213 F.3d at 621-24); *see also Maris Distrib.*

*Co. v. Anheuser-Busch, Inc.*, 2001 WL 862642, *1 (M.D. Fla. May 4, 2001) (awarding costs for

service of subpoenas on two trial witnesses who never testified at trial).  The invoices in support of

the Bill of Costs reflect that counsel for Plaintiff served "Kim Zachery Robar," Terrence Oliver

Lakeman, and Abel Elkharchafi with trial subpoenas.  Doc. No. 37-2 at 48-52.  "Zachary Robar,"[3]

---

[3]        The invoice refers to the trial witness as "Kim Zachery Robar Witness for 4/2/06 trial" (doc. no. 37-2 at 47); both parties listed the witness as "Zachery Robar" in their witness lists (doc. nos. 28-4, 28-5 at 1); Plaintiff refers to the witness as "Zachery Robar" in her motion (doc. no. 39 at 1); and Defendant refers to the witness as "Kim Zachery Robar" in its memorandum in opposition (doc. no. 42 at 3). The deposition of Robar reveals the witness's full name to be "Ken Zachary Robar," although the transcript is captioned "Deposition of Zack Robar."  Doc. No. 21-4 at 1.  I assume that all references to Robar refer to the same person.

Lakeman, and Elkharchafi were listed as a possible trial witness by Plaintiff and Defendant in the Final Pretrial Statement. Doc. Nos. 28-4, 28-5 at 1. According to Plaintiff, Robar was the manager at the restaurant who first offered Plaintiff a job, and Lakeman was the general manager who allegedly refused to hire Plaintiff because of her disability. *See* Doc. No. 28 at 1-2 (Plaintiff's statement of her case). I find that the subpoenas to the three trial witnesses listed on Plaintiff's witness list are appropriately taxed as costs.

Defendant indicates that the "service of <u>eight</u> subpoenas for deposition [were] directed to witnesses for the production of Plaintiff's employment records, records relevant to the rebuttal of Plaintiff's claims." Doc. No. 42 at 3 (emphasis added). Invoices submitted in support of the Bill of Costs reflect service of <u>nine</u> pretrial subpoenas on the following individuals and entities: Yoli & Associates Chapel Sales, Inc.; Taco Bell; Cocoa Christian Academy; Florida Today; IHOP; FMS Management Systems, Inc.; Wendy's (Georgia County); Wendy's International; and, Wendy's Restaurant (Brevard County). Defendant does not state which of the subpoenas was not for purposes of obtaining Plaintiff's employment records.

Defendant's exhibit list for trial includes documents from Taco Bell (ex. 14), and Florida Today (ex. 20). Doc. No. 28-3. Plaintiff averred during pretrial discovery that she previously worked for Florida Today, Wendy's, Cocoa Christian Center, IHOP, and Yoli & Associates, and that she also worked for Taco Bell. Doc. No. 21-6 at 3; Doc. No. 22-2 at 2-4. Defendant did not cite to any evidence that Plaintiff worked for FMS Management Systems, Inc., and I have not located such a reference in the file. Accordingly, I conclude that the service of process costs for subpoenas to obtain employment records, except records from FMS Management Systems, Inc., are compensable.

As discussed earlier, the Attorney General prescribes a minimum fee of $45.00 per hour for each subpoena served by or behalf of the U.S. Marshals Service, in addition to expenses. 28 C.F.R.

§0.114(a)(3).  Thus, Plaintiff's argument that service of process fees in excess of $25.00 are *per se* unavailing is unavailing.  The invoices submitted with the Bill of Costs show the fees actually incurred for service of these subpoenas.  Accordingly, I recommend that the Court deduct $99.00 from the costs for service of process on FMS Managements Systems, Inc., *see* doc. no. 37-2, but otherwise approve the service of process costs.

### B.   Expedited Deposition Transcripts.

Plaintiff objects to the costs for expedited transcripts of the depositions of Robar, Elkharchafi and Plaintiff Davis.  *See* Doc. No. 39 at 1-2.  Defendant responds that it needed the deposition transcripts to prepare its summary judgment motion and for trial, but does not explain why it needed *expedited* transcripts.

The record discloses that the parties had nearly ten months to conduct discovery.  *See* Doc. No. 13.  There is no indication in the file that discovery was delayed by circumstances beyond the control of Defendant.  Accordingly, any need for expediting the production of deposition transcripts is, on this record, a cost incurred only for the convenience of counsel.  As such, it is not taxable. *See, e.g., Nat'l Bancard Corp. v. VISA, U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D. Fla. 1986)(holding that "the expedited nature of the transcript was for the convenience of counsel and therefore the

-7-

additional expense is not taxable."). Accordingly, $616.12[4] in costs for expediting the production of the cited deposition transcripts is not taxable.

## III.    CONCLUSION

For the reasons stated above, I recommend that Plaintiff's Motion to Review Taxation of Defendant's Bill of Costs (Doc. No. 39) be **GRANTED** in part and **DENIED** in part. I further recommend that the Bill of Costs taxed by the Clerk of Court be **VACATED**. Finally, I recommend that the Court award $2,722.32 in costs, which amount is calculated by deducting from the costs originally taxed, $3,512.44, the $75.00 mediation room fee, $99.00 for service of process on FMS Management Systems, Inc., and $616.12 for fees for expedited deposition transcripts.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 24th, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

[4]        Defendant obtained expedited transcripts for Plaintiff Davis, Robar, and Elkharchafi, but not for Terence Lakeman. *See* Doc. No. 37-2 at 23, 24, 41 (court reporter invoices filed in support of Defendant's proposed bill of costs). The court reporting service charged $6.23 per page for Davis's transcript, $7.00 per page for Robar's and Elkharchafi's expedited transcripts, and $2.75 per page for the Lakeman's non-expedited transcript. *See id.* The deposition transcripts for Davis, Robar, and Elkharchafi were ninety-four, forty-seven, and twenty-one pages, respectively. *See id.* at 23, 41. Therefore, the correct charge for the depositions of Davis, Robar, and Elkharchafi at a non-expedited rate of $2.75 per page are $258.50, $129.25, and $57.75, respectively, for a total fee of $445.50 for the three transcripts without the expedited charge. Defendant actually paid $1061.62 for the three expedited transcripts, so $616.12 is not taxable.

Copies furnished to:
The Honorable Anne C. Conway
Counsel of Record
Unrepresented Party
Courtroom Deputy